CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUENTIN MCLEAN, <br>     Plaintiff, | Civil Action No. 7:07cv00584 |
| v. | **MEMORANDUM OPINION** |
| DR. SMITH, <br>     Defendant. | By: **Samuel G. Wilson** <br> United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, this court has dismissed three of McLean's previous complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McLean has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 17th day of December, 2007.

_____
United States District Judge

---

[1] See McLean v. Mr. Fleming, et al., Civil Action No. 7:98cv00731 (W.D. Va. January 13, 1999) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); McLean v. J. Bolling, et al., Civil Action No. 7:99cv00221 (W.D. Va. May 10, 1999) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); McLean v. Schillin, et al., Civil Action No. 7:99cv00319 (W.D. Va. July 20, 1999) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

[2] McLean alleges that he has arthritis, rheumatoid diseases, head injures, and the herpes virus. He complains that when he sought treatment for these ailments, the defendant treated him, but took "an easier and less efficacious route" of treatment. A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment doe not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. In this case, McLean concedes that he was treated by the doctor and though McLean may desire different treatment, the court finds his claim amounts to nothing more than a doctor-patient disagreement regarding diagnosis and proper course of treatment, which is not actionable under the Eighth Amendment.

[3] The court has previously notified McLean that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give McLean additional time to pay the filing fee or amend his complaint.